THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOCAL 25 S.E.I.U. WELFARE FUND,<br>LOCAL 25 S.E.I.U. & PARTICIPATING<br>EMPLOYERS PENSION TRUST,<br><br>                        **Plaintiffs,**<br><br>      v.<br><br>IQC CORPORATION, an Ohio Corporation,<br><br>                        **Defendant.** | FILED: JULY 1, 2008<br>08CV3753<br>JUDGE NORGLE<br>MAGISTRATE JUDGE NOLAN<br>TG |

## C O M P L A I N T

Plaintiffs, LOCAL 25 S.E.I.U. WELFARE FUND and LOCAL 25 S.E.I.U. & PARTICIPATING EMPLOYERS PENSION TRUST, by and through their Attorney, Robert B. Greenberg of Asher, Gittler, Greenfield & D'Alba, Ltd., complaining of Defendant, IQC CORPORATION, an Ohio Corporation, allege as follows:

1.      This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2.      Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The LOCAL 25 S.E.I.U. WELFARE FUND and LOCAL 25 S.E.I.U. & PARTICIPATING EMPLOYERS PENSION TRUST ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Service Employees International Union Local 1 ("Union"), including Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Funds offices are located at 111 East Wacker, 25th Floor, Chicago, IL 60601, and the Funds are administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 1979 East 55th Street, Cleveland, Ohio 44103.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. Plaintiffs are advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all

in violation of its contractual obligations and its obligations under applicable federal statutes.

9. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

10. Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

12. Defendant is delinquent to the Funds for the period February 1, 2008 through April 30, 2008, in the amount of $21,478.80.

13. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(g)(2, (a)(3) and 515 of the Employee Income Security Act

of 1947 ("ERISA"), 29 U.S.C., Sec. 1132(g)(2), (a)(3), and 1145.

WHEREFORE, Plaintiffs pray:

(a) That judgment enter in favor of Plaintiffs and against Defendant in the amount of TWENTY ONE THOUSAND FOUR HUNDRED SEVENTY EIGHT AND 80/100 DOLLARS ($21,478.80), or such additional amount as may be found due and owing during the pendency of this action.

(b) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collect Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard
Suite 1900
Chicago, Illinois 60606
(312) 263-1500
IL ARDC#:  01047558